**John I. MCCOLLAM, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION**
**BOARD, Respondent.**

No. 03–3103.

United States Court of Appeals,
Federal Circuit.

July 9, 2003.

Before NEWMAN, LINN, and PROST,
Circuit Judges.

PER CURIAM.

John I. McCollam ("McCollam") petitions for review of the decision of the Merit Systems Protection Board ("Board"), which dismissed his petition after McCollam withdrew his appeal. *McCollam v. Dep't of Veterans Affairs,* No. SF–0752–02–0233–I–1 (May 13, 2002) (petition for review denied Oct. 11, 2002). Because McCollam's withdrawal was clear and unequivocal, and because McCollam does not argue misinformation as to the withdrawal or present new and material evidence, we *affirm.*

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See* 5 U.S.C. § 7703(c) (2000).

Withdrawal of an appeal is an act of finality that removes an appeal from the Board's jurisdiction. *Spencer v. R.R. Ret. Bd.,* 93 M.S.P.R. 80, 82 (2002). The relinquishment of one's right to appeal to the Board must be by clear, unequivocal and decisive action. *Etheridge v. Dep't of Veterans Affairs,* 67 M.S.P.R. 53, 56 (1995). Absent unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *White v. United States Postal Serv.,* 92 M.S.P.R. 113, 114 (2002).

In this case, McCollam made an explicit request to withdraw his case, which was granted by the Board. In his petition for review and before this court, McCollam offers no new evidence and makes no assertion of misinformation. Thus, the Board's determination that McCollam's appeal is withdrawn must be upheld.